IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK D. D'ANNUNZIO,<br>        Plaintiff, | CIVIL ACTION |
| v. | |
| ANDREW SAUL,[1]<br>Commissioner of Social Security,<br>        Defendant. | NO. 19-113 |

**O R D E R**

**AND NOW**, this 15th day of June, 2020, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Judicial Review (Doc. No. 14, filed June 6, 2019); Defendant's Response to Request for Review of Plaintiff (Doc. No. 17, filed August 7, 2019), Plaintiff's Reply Brief in Support of Request for Judicial Review (Doc. No. 21, filed September 9, 2019), Defendant's Motion to Stay and Brief in Support (Doc. No. 22, filed September 13, 2019), Plaintiff's Response to Defendant's Motion to Stay (Doc. No. 23, filed September 15, 2019), and after review of the Report and Recommendation of United States Magistrate Judge Marilyn Heffley dated January 29, 2020 (Doc. No. 24), Defendant's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 28, filed March 13, 2020), Plaintiff's Memorandum in Support of and Response to Defendant's Objections to Report and Recommendation (Doc, No. 30, filed March 31, 2020), Defendant's Status Update (Doc. No. 31, filed June 3, 2020), and the record in this case, **IT IS ORDERED** as follows:

    1.    The Report and Recommendation of United States Magistrate Judge Marilyn Heffley dated January 29, 2020, is **APPROVED** and **ADOPTED** to the extent it recommends

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

remand of the case for a *de novo* hearing before a different, constitutionally appointed administrative law judge;

2. Defendant's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**;

3. Plaintiff's Request for Judicial Review is **GRANTED IN PART AND DENIED IN PART**, as follows:

a. That part of plaintiff's Request for Judicial Review seeking remand to the Commissioner for a new hearing before a different, constitutionally appointed administrative law judge is **GRANTED**.

b. Plaintiff's Request for Judicial Review is **DENIED** in all other respects.

4. Defendant's Motion to Stay is **DENIED AS MOOT**;

5. The matter is **REMANDED** to the Commissioner, pursuant to 42 U.S.C. § 405(g), for a *de novo* hearing before a different, constitutionally appointed administrative law judge.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **MARK** the case **CLOSED.**

The decision of the Court is based on the following:

I.    INTRODUCTION

This case is an appeal from the final decision of defendant, the Commissioner of Social Security ("Commissioner"), denying plaintiff Mark D'Annunzio's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). The denial was based on the decision by an Administrative Law Judge ("ALJ") that plaintiff is not disabled under the SSA. By Order dated August 8, 2019, this Court referred the case to United States Magistrate Judge Marilyn Heffley for a Report and Recommendation ("R & R"). On September 13, 2019,

defendant filed a Motion to Stay.  On January 29, 2020, Judge Heffley issued a R & R recommending that plaintiff's Request for Judicial Review be granted.  In his Request for Judicial Review, plaintiff sought a reversal of the Commissioner's decision that plaintiff was not disabled under the SSA and, in the alternative, remand of the case for a new hearing before a properly appointed ALJ.  Pl.'s Br. 19.

Presently before the Court are defendant's Objections to the R & R.  For the reasons that follow, the Court approves and adopts the R & R to the extent it recommends remand of the case for a new hearing before a different, constitutionally appointed ALJ, grants plaintiff's Request for Judicial Review to that extent and denies it in all other respects, overrules defendant's Objections, and denies defendant's Motion to Stay as moot.

## II.     BACKGROUND

The background of this case is set forth in Magistrate Judge Heffley's R & R and will be recited in this Order only as necessary to address defendant's Objections.

Plaintiff was initially denied DIB on March 28, 2016.  Admin. R. ("R.") at 29.  After plaintiff filed a request for a hearing, a hearing before an ALJ was held on January 26, 2019.  *Id.* at 44.  In a decision dated April 12, 2018, the ALJ concluded that plaintiff was not disabled under the SSA.  *Id.* at 26.  Plaintiff subsequently filed a request for review, which was denied by the Appeals Council on September 10, 2018.  *Id.* at 11, 161.  The ALJ's determination was thus affirmed as the Commissioner's final decision.

Plaintiff commenced this action seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) on January 8, 2019.  In his Request for Judicial Review, plaintiff argues that the Commissioner's decision is erroneous as a matter of law and unsupported by substantial evidence.  Pl.'s Br. 1.  In the alternative, plaintiff contends that, based on the Supreme

Court decision in *Lucia v. SEC*, 138 S. Ct. 2044 (2018), the ALJ who heard his claim was not constitutionally appointed pursuant to the Appointments Clause of Article II and requests that the case be remanded for a new hearing before a different, constitutionally appointed ALJ. *Id.* at 6-7.

In response, the Commissioner did not dispute that the presiding ALJ was improperly appointed, Def.'s Resp. 4 n.2, but argued that plaintiff's Appointments Clause claim must be dismissed because it was not timely raised during the administrative process, *id.* at 3-14.

On September 13, 2019, defendant filed a Motion to Stay pending a decision in the consolidated appeal of two cases decided by Chief Judge Christopher Conner of the Middle District of Pennsylvania—*Bizarre v. Berryhill*, No. 19-1773 (3d Cir.) and *Cirko v. Berryhill*, No. 19-1772 (3d Cir.). Def.'s Mot. Stay 1. In both cases, Chief Judge Conner held that plaintiffs had not waived their Appointments Clause claims by failing to exhaust them during the administrative process. *See Bizarre v. Berryhill*, 364 F. Supp. 3d 418 (M.D. Pa. 2019); *Cirko v. Berryhill*, No. 17-680, 2019 WL 1014195 (M.D. Pa. Mar. 4, 2019). The Third Circuit decided the consolidated appeal in the *Bizarre* and *Cirko* cases on January 23, 2020, holding that claimants for Social Security disability benefits need not exhaust their Appointments Clause challenges before the Agency. *See Cirko on behalf of Cirko v. Cmm'r of Social Security*, 948 F.3d 148, 153 (3d Cir. 2020).

On January 29, 2020, Magistrate Judge Heffley issued a Report and Recommendation in this case. Judge Heffley recommended that the case be remanded to the Commissioner for a new hearing before a different, constitutionally appointed ALJ. R&R at 1. Defendant filed Objections to the Magistrate Judge's Report and Recommendation on March 13, 2020. Plaintiff responded on March 31, 2020.

### III. LEGAL STANDARD

A district court evaluates *de novo* those portions of a magistrate judge's Report and Recommendation to which an objection is made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### IV. DISCUSSION

#### A. Defendant's Motion to Stay

Defendant moved for a stay in this case pending a decision in the consolidated appeal of *Bizarre v. Berryhill*, No. 19-1773 (3d Cir.) and *Cirko v. Berryhill*, No. 19-1772 (3d Cir.). Def.'s Mot. Stay 1. The Third Circuit decided the consolidated appeal in the *Bizarre* and *Cirko* cases on January 23, 2020. *See Cirko on behalf of Cirko v. Cmm'r of Social Security*, 948 F.3d 148 (3d Cir. 2020). The Motion to Stay is now moot, and is denied on that ground.

#### B. Plaintiff's Request for Judicial Review

In his Response to plaintiff's Request for Judicial Review, defendant argued that, because plaintiff did not raise his challenge to the presiding ALJ's appointment during the administrative process, his claim was forfeited. Def.'s Resp. 3-4. The Third Circuit subsequently held in *Cirko* that claimants for Social Security disability benefits need not exhaust their Appointments Clause challenges before the Agency. 948 F.3d at 152. In his Objections to the Magistrate Judge's Report and Recommendation, defendant concedes that this Court must follow the *Cirko* decision but nonetheless argues that plaintiff is not entitled to relief under *Lucia* to "preserve the issue for

potential further review." Objs. at 2.[2]

Based on *Cirko*, this Court concludes that plaintiff was not required to exhaust his Appointments Clause claim before the Agency. The Court thus approves and adopts the R & R to the extent it recommends remand for a *de novo* hearing before a different, constitutionally appointed ALJ, grants the Request for Judicial Review to that extent and denies it in all other respects, and overrules defendant's Objections.

V.   **CONCLUSION**

For the foregoing reasons, the R & R is approved and adopted to the extent it recommends remand for a *de novo* hearing before a different, constitutionally appointed administrative law judge, the Request for Judicial Review is granted to that extent and denied in all other respects, defendant's Objections to the Magistrate Judge's Report and Recommendation are overruled, and defendant's Motion to Stay is denied as moot. The case is remanded to the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), for a *de novo* hearing before a different, constitutionally appointed administrative law judge.[3]

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**

---

[2] In his Objections, defendant also requested that the Court postpone its decision in this case until the Third Circuit ruled on the rehearing petition in *Cirko*. Objs. 4. That petition was denied on March 26, 2020. Def.'s Status Update ¶ 1.

[3] Because the improperly-appointed ALJ's decision denying benefits was a nullity, the Court does not address the merits of plaintiff's additional claims.